IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELA ROSE TSCHANNEN )
) No. 15-182
v.

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability insurance benefits, and social security supplemental income, based on allegations of mental and physical impairments. Plaintiff's claim was denied initially, and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II. THE PARTIES' MOTIONS**

Primarily, Plaintiff complains that the ALJ's mental residual functional capacity ("RFC") failed to include accepted limitations, and this, in turn, infected the ALJ's hypothetical to the vocational expert ("VE"). She also argues that the RFC was defective in that it did not specify the frequency of the included sit/stand option.

The ALJ arrived at a mental RFC of "simple, repetitive tasks requiring little decision making and no intensive supervision or interaction with the public." The ALJ assigned "significant weight" to the opinion of non-examining psychological consultant Dr. Brace, who opined that Plaintiff was moderately impaired in her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with or proximity to others without distraction; get along with coworkers or peers

without distracting them; and maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness. TR 55-56. Dr. Brace concluded that Plaintiff could perform social functions "adequately for settings not requiring much interpersonal interaction." Dr. Brace also concluded, however, that Plaintiff could complete a normal workday and workweek without interruptions from psychologically-based symptoms, and could meet the basic mental demands of competitive work. The consulting examining psychologist, Dr. Newman, found, inter alia, moderate limitations on Plaintiff's ability to interact appropriately with the public, supervisors, and co-workers. The ALJ did not address Dr. Newman's moderate limitations, but rejected his opinion as to various marked limitations. The ALJ found that Plaintiff had moderate deficiencies in concentration, persistence, and pace.

Contrary to Defendant's suggestion, it is unclear how the RFC accommodates Plaintiff's moderate social limitations assigned by Dr. Brace and Dr. Newman. Those limitations were, apparently, accepted by the ALJ,[1] but the RFC includes limitations relating only to supervisors and the public. "The public, supervisors, and co-workers are distinct groups… Thus, limitations on one type of interaction in the RFC does not account for limitations on the others." Grinold v. Colvin, 2015 U.S. Dist. LEXIS 118512, at \*\*4-5 (W.D. Pa. Sept. 4, 2015); see also Brown v. Colvin, 2015 U.S. Dist. LEXIS 62052, at \*9 (W.D. Pa. May 11, 2015), Mitchell v. Colvin, 2015 U.S. Dist. LEXIS 38530, at \*\*3-4 (W.D. Pa. Mar. 26, 2015). While the ALJ is certainly entitled to exclude limitations from an RFC, he must explain why is doing so. I recognize that the VE testified that "the positions identified are working by themselves, but he also testified that the

---

[1] Indeed, the ALJ also explicitly recited Dr. Brace's conclusion that Plaintiff may perform in a setting "not requiring much interpersonal interaction."

combined effect of the moderate social limitations identified by Dr. Brace would preclude all employment. Remand is required on this basis.[2]

Finally, I address Plaintiff's contention that the RFC was deficient because it failed to specify the frequency of the sit/stand option. Here, the RFC provided for light work, "but with a sit/stand option." Plaintiff points to SSR 96-9p. That section, however, applies to sedentary work, and is facially inapplicable to light work. McGinnis v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 177178, at *32 (W.D. Pa. 2013). The applicable regulation, SSR 83-12, does not require an ALJ to specify the frequency of the sit/stand option. Hanbey v. Astrue, 506 Fed. Appx. 615, 617 (9th Cir. 2013); Joyce v. Comm'r of Soc. Sec., 2012 U.S. Dist. LEXIS 181768, at **17-18 (D.N.J. Dec. 26, 2012). In such situations, cases suggest that an at-will sit-stand option is implicit. See, e.g., Campbell v. Colvin, 2014 U.S. Dist. LEXIS 84722, at **14-15 (M.D.N.C. June 23, 2014) (collecting cases); Joyce, 2012 U.S. Dist. LEXIS at *18. "[A]bsent some indication that the result would be different, the Court will not remand the decision so that the ALJ can clarify the sit/stand option to be 'at will' and have the VE repeat the same testimony." Albrecht v. Colvin, 2014 U.S. Dist. LEXIS 122105, at **33-34 (E.D. Wis. Sept. 2, 2014). Nonetheless, the grounds for remand discussed supra might require additional VE testimony. In that case, the ALJ should clarify the sit-stand option, and thus avoid the need for future assumptions.

## CONCLUSION

In conclusion, this matter will be remanded so that the ALJ may reconsider or explain his failure to include all of Plaintiff's moderate social impairments, as opined to by both Dr. Brace

---

[2] I address only briefly Plaintiff's contentions regarding concentration, persistence, and pace: "The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace." Polardino v. Colvin, 2013 U.S. Dist. LEXIS 116749, at **6-7 (W.D.Pa. Aug. 19, 2013). I find no error in that regard.

4

and Dr. Newman, in the RFC.  The ALJ may conduct further proceedings on remand, including a rehearing to elicit additional or revised VE testimony, if necessary.  In the event of additional VE testimony, the ALJ should clarify the sit/stand aspect of the RFC.  An appropriate Order follows.

**ORDER**

AND NOW, this 12th day of November, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED.  This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court